# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    Keisha Latasha Anderson, Debtor               Case No. 25-12124-SDM
                                                        **CHAPTER 13**

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at ABD US Bankruptcy Courthouse, 703 Hwy 145 North, Aberdeen, MS 39730, on or before August 13, 2025. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on September 03, 2025, at 10:30 AM, ABD US Bankruptcy Court, 703 Hwy 145 North, Aberdeen, MS 39730, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: July 10, 2025                    /s/ Thomas C. Rollins, Jr.
                                       *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Keisha Latasha Anderson** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **NORTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$103.16**__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

> **Holmes County Long Term Care**
> **2375 Attala Rd 4125**
> **Sallis MS 39160-0000**

Debtor  **Keisha Latasha Anderson**                    Case number _____

Joint Debtor shall pay ____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____
_____
_____

**2.3**   **Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows: _____

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### Part 3:   Treatment of Secured Claims

**3.1**   **Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
*Insert additional claims as needed.*

**3.2**   **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| American Credit Acceptance | $9,418.00 | 2018 Chevy Equinox 194173 miles | $6,241.50 | $6,241.50 | 10.00% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning month |
|---|---|---|---|
| -NONE- | | | |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

**Mississippi Chapter 13 Plan**                                                                                   Page 2

| Debtor | **Keisha Latasha Anderson** | Case number | |
|---|---|---|---|

For vehicles identified in § 3.2: The current mileage is _____

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4  Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of collateral.**

*Check one.*
- [ ] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
- [✓] The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Family Choice Financia | Household Goods |
| First Heritage | Household Goods |
| First Metropolitan Financial Services | Household Goods |
| Tower Loan | Household Goods |
| United Credit | Household Goods |
| WFC | Household Goods |

*Insert additional claims as needed.*

---

### Part 4: Treatment of Fees and Priority Claims

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3  Attorney's fees.**

- [✓] No look fee: **4,600.00**

    Total attorney fee charged:  $**4,600.00**

    Attorney fee previously paid:  $**1,122.00**

    Attorney fee to be paid in plan per confirmation order:  $**3,478.00**

- [ ] Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5  Domestic support obligations.**

**Mississippi Chapter 13 Plan**  Page 3

| | |
|---|---|
| Debtor | **Keisha Latasha Anderson**      Case number |

     ☑    **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑    The sum of $   **0.00**
☐    _____% of the total amount of these claims, an estimated payment of $____
☑    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**    **Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

     ☑    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

     ☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1**    **Property of the estate will vest in the debtor(s) upon entry of discharge.**

### Part 8: Nonstandard Plan Provisions

**8.1**    **Check "None" or List Nonstandard Plan Provisions**
     ☑    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signatures:

**9.1**    **Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

| | |
|---|---|
| X   **/s/ Keisha Latasha Anderson** | X   _____ |
| **Keisha Latasha Anderson** | Signature of Debtor 2 |
| Signature of Debtor 1 | |
| Executed on   **July 8, 2025** | Executed on   _____ |
| **2375 Attala CR 4125** | |
| Address | Address |
| **Sallis MS 39160-0000** | |
| City, State, and Zip Code | City, State, and Zip Code |
| _____ | _____ |
| Telephone Number | Telephone Number |

X   **/s/ Thomas C. Rollins, Jr.**                Date   **July 8, 2025**

Debtor **Keisha Latasha Anderson** Case number

**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code

**601-500-5533**        **103469 MS**
Telephone Number        MS Bar Number

**trollins@therollinsfirm.com**
Email Address

## **CERTIFICATE OF SERVICE**

I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

Case Trustee
Office of the US Trustee

I certify that I have this day served a true and correct copy of the attached Notice and Chapter 13 Plan by US Mail[1], postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7004:

American Credit Acceptance, LLC
c/o C. T. Corporation System
645 Lakeland East Drive, Ste 101
Flowood, MS 39232

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: July 10, 2025         /s/ Thomas C. Rollins, Jr.
                            *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

---

[1] If the creditor is an insured depository institution, service has been made by certified mail.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br>KEISHA LATASHA ANDERSON | CASE NO: 25-12124-SDM<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 7/10/2025, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 7/10/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469

The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401
601 500 5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br><br>KEISHA LATASHA ANDERSON | CASE NO: 25-12124-SDM<br><br>**CERTIFICATE OF SERVICE DECLARATION OF MAILING**<br><br>Chapter: 13 |

On 7/10/2025, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 7/10/2025

_____
Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS: CERTIFICATE OF SERVICE Parties served via First Class USPS Mail Service.
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| FIRST CLASS | CASE INFO | |
|---|---|---|
| AMERICAN CREDIT ACCEPTANCE LLC<br>CO C T CORPORATION SYSTEM<br>645 LAKELAND EAST DR STE 101<br>FLOWOOD MS 39232 | LABEL MATRIX FOR LOCAL NOTICING<br>05371<br>CASE 25-12124-SDM<br>NORTHERN DISTRICT OF MISSISSIPPI<br>ABERDEEN<br>THU JUL 10 11-04-24 CDT 2025 | AFFIRM INC<br>ATTN BANKRUPTCY<br>650 CALIFORNIA ST FL 12<br>SAN FRANCISCO CA 94108-2716 |
| AMERICAN CREDIT ACCEPTANCE<br>ATTN BANKRUPTCY<br>961 E MAIN ST FL 2<br>SPARTANBURG SC 29302-2185 | DEBTOR<br>KEISHA LATASHA ANDERSON<br>2375 ATTALA CR 4125<br>SALLIS MS 39160-5186 | (P)ASCENDIUM EDUCATION SOLUTIONS INC<br>38 BUTTONWOOD COURT<br>MADISON WI 53718-2156 |
| ASPIRE CREDIT CARD<br>ATTN BANKRUPTCY<br>PO BOX 105555<br>ATLANTA GA 30348-5555 | CAPITAL ONE<br>ATTN BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | (P)CONTINENTAL FINANCE COMPANY<br>PO BOX 3220<br>BUFFALO NY 14240-3220 |
| CREDIT ONE BANK<br>ATTN BANKRUPTCY DEPARTMENT<br>6801 CIMARRON RD<br>LAS VEGAS NV 89113-2273 | (P)FAMILY CHOICE FINANCIAL<br>3208 SERVICE DRIVE<br>SUITE E<br>PEARL MS 39208-3539 | FINGERHUT FETTIWEBBANK<br>ATTN BANKRUPTCY<br>6250 RIDGEWOOD ROAD<br>SAINT CLOUD MN 56303-0820 |
| FIRST HERITAGE<br>ATTN BANKRUPTCY<br>PO BOX 1947<br>GREENVILLE SC 29602-1947 | FIRST METROPOLITAN FINANCIAL SERVICES<br>ATTN BANKRUPTCY<br>6295 SUMMER AVENUE STE 102<br>MEMPHIS TN 38134-5983 | FIRST PREMIER BANK<br>3820 N LOUISE AVE<br>SIOUX FALLS SD 57107-0145 |
| (P)FIRST SAVINGS BANK BLAZE<br>ATTN BANKRUPTCY<br>1500 S HIGHLINE AVE<br>SIOUX FALLS SD 57110-1003 | (P)SEQUIUM ASSET SOLUTIONS LLC<br>1130 NORTHCHASE PKWY<br>SUITE 150<br>MARIETTA GA 30067-6429 | GENESIS FS CARD SERVICES<br>ATTN BANKRUPTCY<br>PO BOX 4477<br>BEAVERTON OR 97076-4401 |
| GINNYSSWISS COLONY INC<br>ATTN CREDIT DEPARTMENT<br>PO BOX 2825<br>MONROE WI 53566-8025 | EXCLUDE<br>TODD S JOHNS<br>TODD S JOHNS CHAPTER 13 TRUSTEE<br>PO BOX 1326<br>BRANDON MS 39043-1326 | (P)KLARNA INC<br>ATTN BANKRUPTCY<br>PO BOX 8116<br>COLUMBUS OH 43201-0116 |
| NELNET<br>ATTN CLAIMS<br>PO BOX 82505<br>LINCOLN NE 68501-2505 | QUICK CASH FINANCIAL<br>209 MS 12<br>KOSCIUSKO MS 39090 | EXCLUDE<br>THOMAS C ROLLINS JR<br>THE ROLLINS LAW FIRM PLLC<br>PO BOX 13767<br>JACKSON MS 39236-3767 |
| (P)TOWER LOAN<br>P O BOX 320001<br>FLOWOOD MS 39232-0001 | U S TRUSTEE<br>501 EAST COURT STREET SUITE 6430<br>JACKSON MS 39201-5022 | UNITED CREDIT<br>234A N WOODLAND DR<br>FOREST MS 39074-3308 |

```
USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled (NO NOTICE ADDRESS) not served via First Class USPS Mail Service.

VYLISHA BOATMAN                         WFC
2405 ATTALLA RD 4125                    ATTN BANKRUPTCY
SALLIS MS 39160-5185                    PO BOX 6429
                                        GREENVILLE SC 29606-6429
```